## Ryan's License

*Daniel J. F. Flood*, for Commonwealth.
*M. S. DePierro*, for respondent.

VALENTINE, J., December 31, 1935.—On May 22, 1935, a retail malt liquor license was granted to the respondent for the premises known as the "Starlight Inn" situate in Wright Township, this county. On December 7, 1935, upon application of the Attorney General, a rule was granted to show cause why said license should not be revoked. The respondent, through her

counsel, filed a demurrer to the petition upon which this rule is based. The petition charges a violation of the liquor laws in the following language:

"4. That on or about August 5, 1935, the licensee, by herself, her agents, servants or employes, had and possessed liquor on the licensed premises in violation of the provisions of the Act of Assembly of May 3, 1933, P. L. 252, as amended by the Act of December 20, 1933, P. L. 75, known as the Malt Liquor License Law, as reënacted and amended by the Act of July 18, 1935, P. L. 1217."

Counsel for the respondent admits the truth of this averment and it is agreed that the liquor referred to had been purchased at a State store and that it was found in the kitchen of the building for which the license had been granted.

The gist of the respondent's contention is that as the Act of May 3, 1933, P. L. 252, amended by the Act of December 20, 1933, P. L. 75, in force at the time of the granting of the beverage license to her, contained no prohibition against the possession of liquor, the petition sets forth no reason for the revocation of the license. The Act of May 3, 1933, P. L. 252, was reënacted and amended by the Act of July 18, 1935, P. L. 1217. Section 23(n) of the later act makes it unlawful for any holder of a malt liquor license "to have in his possession on any licensed premises, or to permit the storage on the licensed premises, of any spirituous, vinous or alcoholic liquors or alcohol of any sort except malt or brewed beverages."

The respondent was granted her license in May 1935. Two months later the act under which said license had been granted was amended so as to prohibit the possession of alcoholic liquors upon the licensed premises. Thereafter the respondent violated this provision, and we think it clear that such violation constitutes a valid reason for the forfeiture of her license. The granting of a beverage license to the respondent was the exercise of a governmental power and might lawfully be withdrawn

at the discretion of the legislature. The license was taken subject to the reasonable exercise of the police power. It was in no sense a contract between the State and the licensee, and granted no vested rights; ". . . he accepted his license, under the statute . . . in the sale of intoxicating liquors . . . he must be deemed to have consented to all proper conditions and restrictions which had been imposed by the legislature . . . in the interest of the public morals and safety, relative to the traffic in such liquors, or to the place wherein he was granted a permit to sell the same": State v. Gerhardt, 145 Ind. 439, 466, 44 N. E. 469.

Therefore, now, December 31, 1935, the rule of December 7, 1935, to show cause why the retail malt liquor license granted to Mrs. John J. Ryan should not be revoked is made absolute, and said license revoked.

From Frank P. Slattery, Wilkes-Barre.